# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/23/2022 03:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV16986

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 through 100 Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

INNA GUBERMAN, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Los Angeles; Central District-Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
22STCV16986

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yoon S. Kim, Esq., The Barnes Firm, L.C., 633 W. Fifth St., Ste. 1750, LA, CA 90071; 800-800-0000

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 05/23/2022 Clerk, by R. Clifton, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Costco Wholesale Corporation a Washington Corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 05/23/2022 03:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV16986

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Michael Whitaker

Yoon S. Kim, Esq.. (SBN 292650)
**THE BARNES FIRM, L.C.**
633 West Fifth Street, Suite 1750
Los Angeles, CA 90071
Telephone: (800) 800-0000
Facsimile: (888) 800-7050
E-mail: yoon.kim@thebarnesfirm.com

Attorneys for Plaintiff:
INNA GUBERMAN

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES COUNTY SUPERIOR COURT**

INNA GUBERMAN, an individual,

Plaintiff(s),

vs.

COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 through 100 Inclusive,

Defendant(s).

Case No.: 22STCV16986

**COMPLAINT FOR DAMAGES**

1. NEGLIGENCE
2. PREMISES

**DEMAND FOR JURY TRIAL**

COMES NOW, INNA GUBERMAN, an individual (hereinafter "Plaintiff") and hereby complains, avers and alleges upon information and belief, by and through her counsel, against COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1 through 100 inclusive (hereinafter "Defendant" or collectively "Defendants") as follows:

**THE PARTIES**

**1.** At all times herein mentioned, Plaintiff, INNA GUBERMAN, is an individual residing in the County of Los Angeles, State of California.

**2.** Plaintiff is informed and believes and thereon alleges that the Defendant,

COSTCO WHOLESALE CORPORATION, a Washington Corporation; conducting business in the State of California, including, without limitation, the County of Los Angeles.

**3.** Plaintiff is informed and believes and thereon allege that at all times mentioned herein, Defendant COSTCO WHOLESALE CORPORATION, and DOES 1 through 100, and each of them, were and are individuals, or business entities and were authorized to do and were doing business in the State of California, County of Los Angeles, at all times herein.

**4.** The true names and/or capacities whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100 inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Said DOE Defendants may include, but do not necessarily include, individuals, businesses, corporations, partnerships, associations, joint ventures, Defendants that are governmental in nature, as well as product manufacturers, medical providers, professionals, contractors, estates, administrators of estates, trusts and/or all other types of entities and/or individuals, as discovery in this matter may reveal. Regardless, Plaintiff alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff and each of them as herein alleged.

**5.** At all times herein mentioned, each of the Defendants was the agent, servant, employee, partner, alter ego, and/or joint venturer of each of the remaining Defendants and at all times alleged hereinafter mentioned, Defendants were acting within the purpose and scope of said agency, employment, partnership, alter ego, and/or joint venture, and each Defendant has ratified and approved the acts of the remaining Defendants. To the extent a corporate defendant, it is believed that any such Defendant's corporate officers and directors ratified and approved any wrongful conduct alleged in this complaint, or were directly responsible for perpetrating such conduct.

//

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this entire action as this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in whole or in part, in the State of California; the injuries suffered by Plaintiff were suffered in California; and, the Defendants have their principal place of business in, addresses in, do business in, and/or are domiciled or otherwise reside in the State of California.

7. Venue is proper in this judicial district pursuant to California Code of Civil Procedure section 395 because the subject incident and the related events giving rise to the causes of action alleged herein, occurred in the County of Los Angeles, State of California.

8. Plaintiff believes and thereon alleges that one or more Defendants have their principal place of business in, conducting business in and/ or reside in the County of Los Angeles, in the State of California.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

*(Against All Defendants and DOES 1 through 100 Inclusive)*

9. Plaintiffs hereby incorporates by reference each and every allegation and statement contained in all preceding paragraphs of this complaint, and incorporates them by reference in their entirety, as though fully set forth herein.

10. At all times hereinafter mentioned, the Defendants and each of them owed a duty of care to Plaintiff which each Defendant breached, proximately causing the injuries, damages and harm to the Plaintiff. Without limiting the generality of the foregoing is alleged:

11. This case arises out of an incident (hereinafter "INCIDENT") that occurred on or about April 16, 2021, at the premises located at 21800 Victory Blvd., Woodland Hills, County of Los Angeles, in the State of California (hereinafter "PREMISES").

**12.** Plaintiff is informed and believes and thereon alleges, at the time of the INCIDENT, the Defendants, and DOES 1 through 100, inclusive, and each of them negligently owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, and/or supervised the PREMISES, permitted or created the dangerous condition so as to proximately cause the Plaintiff's damages, harm, and injuries.

**13.** Plaintiff is informed and believes and thereon alleges, Defendants, and DOES 1 through 100, inclusive, and each of them, owed a duty of care to Plaintiff by undertaking the task of removing, fixing and/or curing the dangerous condition and/or pursuant to a special relationship existing between Plaintiff and Defendants.

**14.** Plaintiff is informed and believes and thereon alleges, Defendants, and DOES 1 through 100, inclusive, and each of them, breached the above-mentioned duty of care because they negligently and carelessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, operated, and/or supervised the PREMISES, permitted or created the dangerous condition, increased the risk of harm or created a false sense of safety (i.e., reliance on the undertaking) at the PREMISES so as to cause Plaintiff to encounter a dangerous and deceptive condition causing Plaintiff to fall, and thereby directly causing the injuries and damages to Plaintiff as described herein. Plaintiff also relied on the acts/omissions of the Defendants, and each of them, to Plaintiff's detriment. Plaintiff is informed and believes and thereon alleges, at all relevant times Defendants, and each of them, owed duties of care and Defendants, and each of them, breached one or more of such duties, including, but not limited to, the following acts or omissions:

i. On the date of the INCIDENT, Defendants had invited Plaintiff and the general public to enter the PREMISES for the purpose of providing goods and services to the Plaintiff and general public;

ii. Defendants had provided goods and services to Plaintiff and the

general public on previous occasions at the PREMISES;

iii. Defendants failed to maintain the PREMISES by means of reasonable inspection, care, control, supervision, and/or maintenance which created a dangerous condition;

iv. Defendants placed, or caused to be put in place, a liquid substance on the floor of the PREMISES;

v. Defendants failed to inspect, maintain, and/or clean the liquid substance on the floor of the PREMISES thereby causing Plaintiff to slip and fall;

vi. Defendants failed to provide any warnings about the liquid substance on the floor of the PREMISES.

**15.** In contrast to the Defendants, at the time of the INCIDENT, Plaintiff was acting with due caution, attention and care and did not in any way contribute to, or cause the damages, harm, and/or injuries as described herein.

**16.** As a direct result of the conduct of the Defendants, and each of them, Plaintiff was damaged, hurt, and injured in Plaintiff's health, strength and activity, sustaining injuries to Plaintiff's body and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause the Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's damage in an amount which will be stated according to proof at the time of trial.

**17.** As a direct result of the conduct of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat Plaintiff, and did incur hospital, medical, professional, and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of Plaintiff's injuries Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such

expenses will be stated according to proof at the time of trial.

**18.** As further proximate result of the negligence of Defendants, and each of them, as alleged herein Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other pecuniary losses, the full nature, extent and amount of which are not yet known to Plaintiff, the exact amount of such expenses will be stated according to proof at the time of trial.

**19.** By reason of the foregoing, Plaintiff has been damaged in sums which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction, which amounts will be shown according to proof at time of trial.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE – PREMISE LIABILITY**

*(Against All Defendants and DOES 1 through 100 Inclusive)*

**20.** Plaintiff hereby incorporates by reference each and every allegation and statement contained in all preceding paragraphs of this complaint, and incorporate them by reference in their entirety, as though fully set forth herein.

**21.** At all times hereinafter mentioned, the Defendants and each of them owed a duty of care to Plaintiff which each Defendant breached, proximately causing the injuries, damages and harm to the Plaintiff. Without limiting the generality of the foregoing is alleged:

i. On the date of the INCIDENT, Defendants had invited Plaintiff and the general public to enter the PREMISES for the purpose of providing services to the Plaintiff and general public;

ii. Defendants had provided services to Plaintiff and the general public on previous occasions at the PREMISES;

iii. Defendants failed to maintain the PREMISES by means of reasonable inspection, care, control, supervision, and/or maintenance which created a dangerous condition;

iv. Defendants placed, or caused to be put in place, a liquid substance on

the floor of the PREMISES;

v. Defendants failed to inspect, maintain, and/or clean the liquid substance on the floor of the PREMISES thereby causing Plaintiff to slip and fall;

vi. Defendants failed to provide any warnings about the liquid substance on the floor of the PREMISES.

**22.** Plaintiff is informed, believes and thereon alleges, at the time of the INCIDENT, the Defendants, and DOES 1 through 100, inclusive, and each of them negligently owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, operated, and/or supervised the PREMISES, permitted or created the dangerous condition so as to proximately cause or allow dangerous and/or defective conditions thereon, and that at all times mentioned herein, the conditions of the PREMISES were such that individuals upon the PREMISES, including the Plaintiff, were exposed to danger and injury while lawfully on the PREMISES. Defendants, and each of them, failed to repair the condition, protect against harm from the condition, or give adequate warning to Plaintiff of the condition that existed at the PREMISES.

**23.** Plaintiff is informed and believes and thereon alleges, at the time of the INCIDENT, the Defendants, and DOES 1 through 100, inclusive, and each of them, knew, or in the exercise of reasonable care should have known, that unless reasonable inspection, care, control, supervision, and maintenance were taken of the PREMISES, that a dangerous condition would exist on Defendants' PREMISES. Defendants, and each of them, negligently failed to take reasonable precaution to prevent injuries to persons lawfully on the PREMISES, including Plaintiff.

**24.** Plaintiff is informed and believes and thereon alleges, at the time of the INCIDENT, the Defendants, and DOES 1 through 100, inclusive, and each of them negligently owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed,

controlled, operated, and/or supervised the PREMISES, permitted or created the dangerous condition so as to proximately cause Plaintiff to fall, and thereby directly causing the injuries and damages to Plaintiff as described herein.

**25.** Plaintiff is informed and believes and thereon alleges, Defendants, and DOES 1 through 100, inclusive, and each of them, willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity.

**26.** In contrast to the Defendants, at the time of the INCIDENT, Plaintiff was acting with due caution, attention and care and did not in any way contribute to, or cause the damages, harm and/or injuries as described herein.

**27.** As a direct result of the conduct of the Defendants, and each of them, Plaintiff was damaged, hurt, and injured in Plaintiff's health, strength and activity, sustaining injuries to Plaintiff's body and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause the Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's damage in an amount which will be stated according to proof at the time of trial.

**28.** As a direct result of the conduct of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat Plaintiff, and did incur hospital, medical, professional, and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of Plaintiff's injuries Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

**29.** As further proximate result of the negligence of Defendants, and each of them, as alleged herein Plaintiff has incurred, and will incur, loss of income, wages, property damage, and other pecuniary losses, the full nature, extent and amount of which are not yet known to Plaintiff, the exact amount of such expenses will be stated

according to proof at the time of trial.

**30.** By reason of the foregoing, Plaintiff has been damaged in sums which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction, which amounts will be shown according to proof at the time of trial.

## PRAYER

Wherefore, Plaintiff prays for judgment against the Defendants, for all Causes of Action hereinabove, as follows:

1. For general damages in an amount which will conform to proof at trial;
2. For special damages in an amount which will conform to proof at trial;
3. Costs of suit incurred herein;
4. Prejudgment interest; and
5. Such other and further relief as this Court may deem just and proper.

**THE BARNES FIRM, L.C.**

Dated: May 23, 2022

By: ______________________
Yoon S. Kim, Esq.
Attorney for Plaintiff,
INNA GUBERMAN

## DEMAND FOR JURY TRIAL

Plaintiff here by demands a trial by jury as to all issues and causes of action.

**THE BARNES FIRM, L.C.**

Dated: May 23, 2022

By: ______________________
Yoon S. Kim, Esq.
Attorney for Plaintiff,
INNA GUBERMAN